**CITY OF LOUISVILLE, Kentucky et al., Appellants,**

v.

**BOARD OF EDUCATION OF LOUISVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1961.

Willaim E. Berry, Herman E. Frick, James L. Taylor, Louisville, for appellants.

Henry A. Triplett, Daniel B. Boone, Louisville, for appellee.

BIRD, Chief Justice.

The Board of Education of Louisville proposes to build a new Atherton High School on its property at Dundee Road and Emerson Avenue within the corporate limits of the City of Louisville. The Board applied to the City of Louisville for a permit to construct the school plant at this location.

The permit was denied. Thereupon the Board of Education sued the city, asking that it be directed to issue an appropriate building permit. The trial court ordered the city to issue the proper permit. The city appeals.

The city claims that it has a Master Plan for the orderly development of the city as authorized by Chapter 100, Kentucky Revised Statutes and that the proposed construction does not conform to the Master Plan. It was upon this ground that the city refused to grant the permit and it is upon this ground that the city now seeks a reversal of the judgment. It is conceded that the Master Plan shows a new site for Atherton High School at a place other than the one proposed. It is likewise conceded that the proposed site is within an area designated by the Master Plan for a junior high school.

The city contends that the use of these sites is limited to that specified in the Master Plan. We do not agree.

As we construe KRS 100.046 a Master Plan shall show the general character of public buildings and the general location of those buildings. The Master Plan authority deals with the *general character* and location of buildings and not with specific uses to which a building may be put. Under the act the plan can properly designate the general location of public schools but cannot narrow the use as it proposes to do. Though the Master Plan does specify a high school here and a junior high school there, it is the Court's conclusion that the statute does not authorize such specificity and that the Board of Education is not bound by the limitation of use.

We find no error in the judgment and it is therefore affirmed.